UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC; PINNACLE CREDIT SERVICES, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, DYNAMIC RECOVERY SOLUTIONS, LLC ("DYNAMIC RECOVERY"); PINNACLE CREDIT SERVICES, LLC ("PINNACLE CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## PARTIES

4. Plaintiff is a natural person, a resident of Montgomery County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. DYNAMIC RECOVERY maintains a location at 1247 Broadway, Sonoma, CA 95476.

6. PINNACLE CREDIT maintains a location at 16 McLeland Road, Saint Cloud, Minnesota 56303.

7. DYNAMIC RECOVERY uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. PINNACLE CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. DYNAMIC RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. PINNACLE CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## FACTUAL ALLEGATIONS

12. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. At some time prior to June 28, 2018, Plaintiff allegedly incurred a financial obligation to VERIZON WIRELESS ("VERIZON WIRELESS").

14. Plaintiff allegedly incurred the VERIZON WIRELESS obligation in connection with telecommunications services and/or goods.

15. The VERIZON WIRELESS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Plaintiff incurred the VERIZON WIRELESS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

17. The VERIZON WIRELESS obligation did not arise out of a transaction that was for non-personal use.

18. The VERIZON WIRELESS obligation did not arise out of a transaction that was for business use.

19. The VERIZON WIRELESS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. VERIZON WIRELESS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to June 28, 2018, the VERIZON WIRELESS obligation was purchased by and/or sold to PINNACLE CREDIT.

22. At the time the VERIZON WIRELESS obligation was purchased by and/or sold to PINNACLE CREDIT, the obligation was in default.

23. The principal purpose of PINNACLE CREDIT is the collection of debts which are in default at the time it purchases the debts.

24. PINNACLE CREDIT has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

25. On or before June 28, 2018, PINNACLE CREDIT referred the VERIZON WIRELESS obligation to DYNAMIC RECOVERY for the purpose of collections.

26. DYNAMIC RECOVERY has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

27. At the time the VERIZON WIRELESS obligation was referred to DYNAMIC RECOVERY the VERIZON WIRELESS obligation was past due.

28. At the time the VERIZON WIRELESS obligation was referred to DYNAMIC RECOVERY the VERIZON WIRELESS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated June 28, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The June 28, 2018 letter was sent to Plaintiff in connection with the collection of the VERIZON WIRELESS obligation.

31. The June 28, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. Upon receipt, Plaintiff read the June 28, 2018 letter.

33. The June 28, 2018 letter provides the following information regarding the balance claimed due on the VERIZON WIRELESS obligation:

Total Balance Due: $1,313.91

34. The June 28, 2018 letter did not itemize or breakdown the amount of the debt by principal, taxes, fees and/or other charges.

35. The outstanding balance claimed to be due by Defendants on the VERIZON WIRELESS obligation as of June 28, 2018 included an amount for principal, taxes, fees and/or other charges.

36. The outstanding balance claimed to be due by Defendants on the VERIZON WIRELESS obligation as of June 28, 2018 included an amount for state sales taxes.

37. The June 28, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for state sales tax.

38. At no time was either Defendant authorized to collect an amount for state sales tax on Plaintiff's account.

39. At all times relevant to this matter, neither Defendant was authorized to collect Pennsylvania sales tax.

40. At all times relevant to this matter, neither Defendant possessed any license or other authority issued by the State of Pennsylvania authorizing it to collect Pennsylvania sales tax.

41. At all times relevant to this matter, neither Defendant remitted amounts to the Commonwealth of Pennsylvania for sales tax that it collected from consumers.

42. DYNAMIC RECOVERY knew or should have known that its actions violated the FDCPA.

43. PINNACLE CREDIT knew or should have known that its actions violated the FDCPA.

44. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation of the character, amount or legal status of the debt; and

   (c) Using a false representation or deceptive means in connection with the collection of a debt.

46. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

48. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from DYNAMIC RECOVERY concerning a debt owned by PINNACLE CREDIT,

which originated with VERIZON WIRELESS and which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

49. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein;

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

50. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

51. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

52. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

53. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. Defendant's letter would cause the least sophisticated consumer to be confused about her or her rights.

56. Defendant's letter would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the entire debt.

57. Defendant's letter would cause the least sophisticated consumer to be confused concerning the basis for the amount of the debt.

58. Defendant's letter would cause the least sophisticated consumer to believe that Defendant had the legal right and/or authority to collect sales tax.

59. Defendant's letter would cause the least sophisticated consumer to believe that Defendant had the legal right and/or authority to collect sales tax on behalf of the Commonwealth of Pennsylvania.

60. Defendants' attempt to collect the alleged debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); and § 1692e(10).

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the VERIZON WIRELESS obligation included an amount for state sales tax and an amount for costs and/or fees.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by attempting to collect an amount for state sales tax.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA by requesting an amount that included state sales tax.

67. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

68. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for state sales tax.

71. By failing to disclose that the amount allegedly due on the VERIZON WIRELESS obligation included an amount for state sales tax and an amount for costs and/or fees, Defendants made a false representation of the character, amount or legal status of a debt.

72. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73. Defendants failure to disclose that the amount allegedly due on the VERIZON WIRELESS obligation included an amount for Pennsylvania State sales tax and an amount for costs and/or fees violated 15 U.S.C. § 1692e(10).

74. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

75. Defendant DYNAMIC RECOVERY is vicariously liable for any violations of the FDCPA that PINNACLE CREDIT committed as described herein.

76. Defendant PINNACLE CREDIT is vicariously liable for any violations of the FDCPA that DYNAMIC RECOVERY committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

77. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

78. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

79. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

80. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

81. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

82. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

November 15, 2018

Robert P. Cocco, Esq.
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

# EXHIBIT A



PO BOX 25759
GREENVILLE, SC 29616-0009

135 Interstate Blvd.
Greenville, SC 29615
Toll Free: 877-821-1659
Hours of Operation: Mon-Fri 8AM - 9PM EST
http://drs.cssimpact.com/negotiator/



Shelly Bell
7809 Beech Ln
Wyndmoor, PA 19038-7617

June 28, 2018

Dear Shelly Bell,

We have been asked to contact you by our client Pinnacle Credit Services, LLC regarding your past due account with them. The account has been placed with our office for collection.

**Current Creditor:** Pinnacle Credit Services, LLC
**DRS Account No:** 081084845
**Original Creditor:** Verizon Wireless
**Original Account No.:** ***********
**Current Balance:** $1,313.91

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

 **http://drs.cssimpact.com/negotiator/**

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it. If you do not pay the debt, Pinnacle Credit Services, LLC may report it to the credit reporting agencies as unpaid.

If you make a partial payment on this account it may restart the statute of limitations on this account.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | Sherman Originator LLC |
| Sherman Originator III LLC | | |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

